UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE CORLEY,

                Petitioner,

-against-

HONORABLE ALISON J. NATHAN;
WILLIAM PELHAM BARR, UNITED
STATES ATTORNEY GENERAL; UNITED
STATES OF AMERICA,

                Respondents.

20-CV-1283 (CM)

ORDER TO SHOW CAUSE

COLLEEN McMAHON, Chief United States District Judge:

      Petitioner paid the $5.00 filing fee for this *pro se* petition, filed under 28 U.S.C. § 2241, seeking a ruling on a motion for a new trial that is pending in *United States v. Corley*, No. 13-CR-48. For the following reasons, the Court notifies Petitioner that it intends to recharacterize this application as a motion under 28 U.S.C. § 2255, and grants Petitioner an opportunity to either withdraw the application, or show cause why it should not be recharacterized.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir. 2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78,

83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

**BACKGROUND**

When Petitioner filed this action, he was incarcerated in a federal correctional institution in Virginia, but he is now residing in a residential reentry facility in Brooklyn, New York. Petitioner was convicted in this District of three counts of sex trafficking of a minor, and one count of possession of child pornography. *See United States v. Corley*, No. 13-CR-0048 (RPP) (S.D.N.Y. May 5, 2014), *aff'd*, 679 F. App'x 1 (2d Cir. 2017) (summary order), *cert. denied*, 138 S. Ct. 205 (2017). On April 21, 2015, the matter was reassigned to Judge Nathan. On April 14, 2017, Petitioner filed a motion for a new trial.[1] On June 9, 2017, the government opposed the motion, and the motion remains pending. On October 5, 2018, Petitioner filed a motion to vacate the sentence under 28 U.S.C. § 2255, which is also pending. *See Corley v. United States*, ECF 1:18-CV-9280, 1.

Petitioner titles his submission as a petition under 28 U.S.C. § 2241, alleging that the delay in a ruling on his motion for a new trial is "unreasonable" and has prejudiced him. ECF 1:20-CV-1283, 1. Petitioner summarizes the errors that allegedly occurred during his criminal proceedings and the grounds for his motion for a new trial, and he asserts that the delay violates Federal Rule of Criminal Procedure 50 ("Scheduling preference must be given to criminal proceedings as far as practicable.") Petitioner seeks "immediate release from custody" if a decision does not issue within ninety days. He also seeks to compel Attorney General Barr to

---

[1] By order dated April 26, 2017, Judge Nathan directed the Clerk of Court to file the motion for a new trial under seal. *Corley*, No. 13-CR-0048 (AJN) (ECF No. 136).

dismiss the indictment against him under Federal Rule of Criminal Procedure 48(a), "as permitted by 28 U.S.C. § 1361." Finally, Petitioner seeks the return of his $5.00 filing fee.

## DISCUSSION

**A.      Habeas Corpus Relief**

A petition brought under 28 U.S.C. § 2241 and a motion brought under 28 U.S.C. § 2255 "offer relief for different claims." *Chambers v. United States*, 106 F.3d 472, 474 (2d Cir. 1997). Under 28 U.S.C. § 2241, a federal prisoner may challenge the execution of his federal sentence "including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions." *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001). Under 28 U.S.C. § 2255, "[a] prisoner in custody under sentence of a court," may challenge the constitutionality of his conviction in a motion brought under § 2255. *See Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004) ("We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence.").

Petitioner purports to proceed under 28 U.S.C. § 2241, but he is not challenging the execution of his sentence.[2] Petitioner seeks a ruling on his motion for a new trial, and release if one is not forthcoming. In the context of explaining his grounds for seeking a new trial, however,

---

[2] To entertain a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, a court must have jurisdiction over the custodian. *See Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 494-95 (1973) (explaining that a writ of *habeas corpus* does not act upon the prisoner who seek relief, but upon his or her custodian). Thus, venue for a *habeas* petition under § 2241 challenging a petitioner's physical confinement generally lies in the district of his confinement. *Rumsfeld v. Padilla*, 542 U.S. 426, 442 (2004). Petitioner is in custody in Brooklyn, New York, located in Kings County. Because Kings County falls within the Eastern District of New York, venue for a § 2241 petition lies in the United States District Court for the Eastern District of New York. *See* 28 U.S.C. § 112(c); *Padilla*, 542 U.S. at 442. Moreover, although the Court does not reach the issue at this time, petitioners generally must exhaust their claims with the BOP before filing a § 2241 petition. *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 634 (2d Cir. 2001).

3

Petitioner attacks the integrity of his conviction. To the extent this submission may be construed as seeking *habeas corpus* relief, the Court is inclined to construe it as a motion arising under § 2255.

Petitioner previously filed a § 2255 motion, which is pending under docket number 18-CV-9280 (AJN). In almost all cases, a prisoner has only one opportunity to bring a § 2255 motion challenging a particular judgment within the applicable limitations period. The Second Circuit has held that when a prisoner files a second § 2255 motion while another § 2255 motion is pending, the second § 2255 motion is not second or successive under the Antiterrorism and Effective Death Penalty Act (AEDPA). *Ching v. United States*, 298 F.3d 174 (2d Cir. 2002).

If Petitioner does not want to pursue relief under § 2255 in connection with the matters raised in this submission, he may notify the Court in writing within thirty days that he wishes to withdraw the application or explain his view as to why it should not be recharacterized. *See Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004) (holding that if a district court treats a motion filed under some other provision as a § 2241 petition, it must notify the *pro se* petitioner that it intends to recharacterize the pleading and provide the litigant an opportunity to decline the conversion or withdraw the petition). If Petitioner wishes to pursue relief under § 2255, the Court will order that this submission be docketed in 18-CV-9280 as a supplemental filing.

If Petitioner does not inform the Court within thirty days of his intent to withdraw this application or of some adequate argument as to why it should not be recharacterized, then it will be recharacterized as a motion under § 2255.

**B.     Mandamus Relief**

Petitioner titles this submission as a *habeas corpus* petition, but he also cites to the statute governing writs of mandamus, 28 U.S.C. § 1361. The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United

States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Mandamus relief is, however, a drastic remedy that should be used only in extraordinary circumstances. *Allied Chem. Corp. v. Daiflon, Inc.*, 449 U.S. 33, 34 (1980); *Kerr v. United States Dist. Court for the N. Dist. of Cal.*, 426 U.S. 394, 402 (1976). To obtain mandamus relief, a Petitioner must show that: "(1) no other adequate means [exist] to attain the relief he desires, (2) the party's right to . . . the [relief] is clear and indisputable, and (3) the [relief] is appropriate under the circumstances." *Hollingsworth v. Perry*, 558 U.S. 183, 190 (2010) (internal quotation marks and citation omitted, first alteration in original).

Additionally, the writ "has traditionally been used in the federal courts only to confine an *inferior* court to a lawful exercise of its prescribed jurisdiction or to compel it to exercise its authority when it is its duty to do so." *Will v. United States*, 389 U.S. 90, 95 (1967) (emphasis added). In other words, a writ of mandamus may be issued only by a superior court. *See* 28 U.S.C. § 1651; *Roche v. Evaporated Milk Assn.,* 319 U.S. 21, 26 (1943); *In re United States,* 598 F.2d 233, 236 (D.C. Cir. 1979).

Even if Petitioner met the requirements for a writ of mandamus, there is no authority providing that a district court may grant mandamus relief to a petitioner in a matter pending before the district court. To the extent Petitioner seeks mandamus relief, this action must be dismissed for failure to state a claim. *See* 28 U.S.C. §1915(e)(2)(B)(ii).

**C.      Return of the Filing Fee**

Petitioner paid the $5.00 fee when he filed this petition. Due to an administrative delay, the docket did not immediately reflect receipt of his payment when the matter was opened on February 12, 2020, and the Court issued an order directing Petitioner to either pay the fee or

submit an application for leave to proceed *in forma pauperis* (IFP). Petitioner wrote to the Court and requested that the Court "moot[]" the deficiency order. That request is granted. In his petition, however, Petitioner seeks return of the filing fee.

To proceed with a petition for a writ of *habeas corpus* in this Court, a petitioner must either pay the $5.00 filing fee or, to request authorization to proceed *in forma pauperis* (IFP), that is, without prepayment of fees, submit a signed IFP application. *See* 28 U.S.C. §§ 1914, 1915. Upon filing this petition, Petitioner became obligated to pay the $5.00 filing fee, and nothing authorizes a refund, reimbursement, or suspension of the fee. Accordingly, the Court cannot return a filing fee, and Petitioner's request is denied.

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Petitioner and note service on the docket. The application for mandamus relief is denied for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). The motion to return the $5.00 filing fee is denied. The motion to vacate the deficiency order (Doc. No. 3) is **granted**.

The Court grants Petitioner thirty days to either withdraw this application or show cause why it should not be recharacterized as arising under § 2255 and docketed as a supplemental filing in 18-CV-9280.

Because Petitioner has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    March 20, 2020
             New York, New York

                                             COLLEEN McMAHON
                                         Chief United States District Judge