UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ROYCE CORLEY,

              Petitioner,

-against-

HONORABLE ALISON J. NATHAN;
WILLIAM PELHAM BARR, UNITED
STATES ATTORNEY GENERAL; UNITED
STATES OF AMERICA,

              Respondents.

20-CV-1283 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

      Petitioner paid the $5.00 filing fee to bring this *pro se* petition, filed under 28 U.S.C. § 2241 and 28 U.S.C. § 1361, seeking a ruling on a motion for a new trial that is pending in *United States v. Corley*, No. 13-CR-48. On March 20, 2020, Chief Judge McMahon denied Petitioner's application for mandamus relief, and ordered him to show cause why his submission should not be recharacterized as a motion under 28 U.S.C. § 2255. Petitioner submitted a response, and the Court has reviewed it. The action is dismissed for the reasons set forth below.

## STANDARD OF REVIEW

      The Court may entertain a petition for a writ of *habeas corpus* from a person in custody challenging the legality of his detention on the ground that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Court has the authority to review the petition and "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled [to such relief]." 28 U.S.C. § 2243. The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they suggest." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474-75 (2d Cir.

2006) (internal quotation marks and citations omitted); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

## BACKGROUND

When Petitioner filed this action, he was incarcerated in a federal correctional institution in Virginia, but he is now residing in a residential reentry facility in Brooklyn, New York. Petitioner was convicted in this District of three counts of sex trafficking of a minor, and one count of possession of child pornography. *See United States v. Corley*, No. 13-CR-0048 (RPP) (S.D.N.Y. May 5, 2014), *aff'd*, 679 F. App'x 1 (2d Cir. 2017) (summary order), *cert. denied*, 138 S. Ct. 205 (2017). On April 21, 2015, the matter was reassigned to Judge Nathan. On April 14, 2017, Petitioner filed a motion for a new trial.[1] On June 9, 2017, the government opposed the motion, and the motion remains pending. On October 5, 2018, Petitioner filed a motion under 28 U.S.C. § 2255 to vacate the sentence; that motion is also pending. *See Corley v. United States*, ECF 1:18-CV-9280, 1. Petitioner alleges that the delay in a ruling on his motion for a new trial is "unreasonable" and has prejudiced him, and he seeks "immediate release from custody" if a decision does not issue within ninety days. He also seeks to compel Attorney General Barr to dismiss the indictment against him under Federal Rule of Criminal Procedure 48(a), "as permitted by 28 U.S.C. § 1361." Finally, Petitioner seeks the return of his $5.00 filing fee.

In the March 20, 2020 order, Chief Judge McMahon informed Petitioner that he could not seek relief under 28 U.S.C. § 2241, because he is not challenging the execution of his sentence,

---

[1] By order dated April 26, 2017, Judge Nathan directed the Clerk of Court to file the motion for a new trial under seal. *Corley*, No. 13-CR-0048 (AJN) (ECF No. 136).

2

and also noted that, in any event, venue for a § 2241 petition is not proper in this District because he is in custody in Brooklyn, New York. The order informed Petitioner that the relief he seeks is more properly brought under 28 U.S.C. § 2255, and directed Petitioner to either withdraw the application, or explain why it should not be recharacterized and docketed as a supplemental filing in the § 2255 pending under docket number 18-CV-9280. *See generally Adams v. United States*, 372 F.3d 132, 134 (2d Cir. 2004); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001).

Petitioner submitted a response reiterating his intention to proceed solely under § 2241. According to Petitioner, the relief he seeks — an order on his pending motion for a new trial — constitutes a challenge to the execution of his sentence properly brought under § 2241. Recognizing that venue is not proper in this Court, Petitioner asks that this Court transfer the matter to the United States District Court for the Eastern District of New York.

## DISCUSSION

For the reasons set forth in the March 20, 2020 order, the relief Petitioner seeks is not properly brought under § 2241, and the Court therefore declines to transfer it to the Eastern District. Because Petitioner declines to have the petition recharacterized as a § 2255 and docketed in the pending § 2255, the petition is denied without prejudice.

## CONCLUSION

The petition for a writ of *habeas corpus,* filed under 28 U.S.C. § 2241, is denied without prejudice.

This order will be mailed in chambers.

SO ORDERED.

Dated:   May 18, 2020
         New York, New York

                                                    _____
                                                         Louis L. Stanton
                                                            U.S.D.J.